UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.8 (rev. 1.8.5)
Eastern Division

Amantur Bapanov
                            Plaintiff,

v.                                                  Case No.: 1:26−cv−01305
                                                  Honorable John Robert Blakey

Sam Olson
                            Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Thursday, February 5, 2026:

       MINUTE entry before the Honorable John Robert Blakey: Petitioner has filed a 28 U.S.C. § 2241 habeas corpus petition challenging his present detention in ICE custody, see [1]. Respondent shall respond to the petition by 2/19/26, and Petitioner shall file any reply by 2/26/26. In addition, Respondent shall make a preliminary filing by 10:00 a.m. on 2/9/25 stating: (1) whether Petitioner was located in the Northern District of Illinois at the time this case was filed; (2) the current status of Petitioner's immigration proceedings; (3) Petitioner's current location and proper Respondent based upon that location; (4) whether Petitioner has previously been granted bond by an immigration judge (and, if so, whether the Government ever sought an appeal of that release order before the Board of Immigration Appeals); and (5) the Government's view as to whether the recent decision in Castanon−Nava v. U.S. Dep't of Homeland Sec., 161 F.4th 1048 (7th Cir. 2025) has any effect on Petitioner's habeas corpus case (including whether Petitioner was arrested with or without a warrant). Pursuant to the Court's authority under the All Writs Act, 28 U.S.C. § 1651, the Government is ordered not to remove Petitioner from the jurisdiction of the United States and not to transfer him to any federal judicial district other than those in the States of Illinois, Indiana, or Wisconsin. A.A.R.P. v. Trump, 145 S. Ct. 1364, 1369 (2025) (citing 28 U.S.C. § 1651(a)) ("The Government represented on the record in federal court that it reserved the right to remove detainees after midnight. We had the power to issue injunctive relief to prevent irreparable harm to the applicants and to preserve our jurisdiction over the matter."); United States v. United Mine Workers of Am., 330 U.S. 258, 293 (1947) ("The District Court had the power to preserve existing conditions while it was determining its own authority to grant injunctive relief."). If the Petitioner is already, as of the posting of this order, located outside of Illinois, Indiana, or Wisconsin but within the United States, or is in the midst of transportation outside of those States to another State, then this bar on transfer does not require the immediate return of the Petitioner as long as Respondent intends to hold Petitioner within the United States. Instead, the parties and the Court will address the issue after the Respondent makes the preliminary filing. The Clerk shall email a copy of this order to Tom Walsh, Chief of the Civil Division, United States Attorney's Office, Northern District of Illinois; Craig Oswald, AUSA, United States Attorney's Office, Northern District of Illinois; and Joshua Press, AUSA, United States Attorney's Office, Northern District of Illinois. This case is set for an in−person status hearing on 2/11/26 at 11:00 a.m. in Courtroom 1203. The Court

denies as moot Plaintiff's motion for temporary restraining order precluding Petitioner's transfer [2] and denies without prejudice the pro hac vice motion filed by Julia Sverdloff on behalf of Robert Bond, [4]. Attorneys must file their own pro hac vice motions using their own efiling accounts; an attorney may not file a pro hac vice motion on behalf of another attorney. Mailed notice. (evw, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at ***www.ilnd.uscourts.gov***.